# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA G. MORENO, ET AL. | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-12-CV-784-XR |
| | § | |
| HILTON SAN ANTONIO HILL | § | |
| COUNTRY HOTEL & SPA, ET AL., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## ORDER

On this day came on to be considered Defendant's motion to dismiss for failure to state a claim (docket no. 3), Defendant's motion to dismiss (docket no. 5) and Plaintiffs' motion to remand (docket no. 12).

### I. Background

These five plaintiffs were employed by Hilton San Antonio Hill Country Hotel & Spa as housekeepers and room attendants.  In their original petition filed in state court, they allege they were discriminated against because of their age and retaliated against in violation of the Texas Commission on Human Rights Act.  In the original petition filed July 20, 2012, Plaintiffs brought suit against the Hilton San Antonio Hill Country Hotel & Spa a/k/a PD San Antonio Associates, LLC.

On August 13, Plaintiffs filed a first amended petition against the Hilton San Antonio Hill Country Hotel & Spa a/k/a PD San Antonio Associates, LLC and Tukwila-South, LLC.  In this amended petition, Plaintiffs also appear to assert claims of sex and national origin discrimination.

On August 20, Defendants removed this case to this federal court claiming diversity jurisdiction.

1

## II.

### Plaintiffs' motion to remand

Plaintiffs (all Texas citizens) argue that the Hotel & Spa is a company based in San Antonio, Texas. They further argue that PD San Antonio Associates, LLC and Tukwila-South, LLC are operating entities and at least one of them is domiciled in San Antonio or Austin. Accordingly, Plaintiffs argue that complete diversity does not exist and the case should be remanded.

### Defendants' motions to dismiss (docket nos. 3 and 5)

In these motions Defendants request that the Court dismiss as time-barred any claims based on conduct occurring more than 180 days prior to the filing of the charges of discrimination. In addition, they seek dismissal of any national origin discrimination claims because no plaintiff asserted any such claim in their charges of discrimination. Further, they seek dismissal of four of the plaintiffs' sex discrimination claims because only Plaintiff Gloria Terrones filed such a charge with the EEOC. They further seek dismissal of any retaliation claim filed by any Plaintiff who did not file any such charge with the EEOC. Finally, the Defendants seek dismissal of all of the national origin and sex discrimination claims pursuant to *Iqbal* and *Twombly* because of the failure to plead factual allegations.

### III.  Analysis

### A.  Motion to remand

Defendant PD San Antonio Associates, LLC asserts that it is a foreign limited liability company organized under the laws of the state of Delaware and that it maintains its principal place of business in New Jersey. Defendant Tukwila-South, LLC asserts that it is a foreign limited liability company organized under the laws of the state of Washington and that it maintains its principal place of business in Washington.

A LLC is not treated as a corporation for purposes of diversity jurisdiction. Rather, the citizenship of a LLC is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

PD San Antonio Associates, LLC asserts that it did not employ the plaintiffs in this case and merely owns the property where Plaintiffs worked. It establishes that it has three members: the Prudential Insurance Company, DRR San Antonio LLC and Murray L. Dow II. None of the members are Texas citizens. Plaintiffs' argument that the "nerve center" test requires a finding that the Defendants were Texas citizens is without merit. In *Hertz Corp. v. Friend*, —— U.S. ——, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010), the Supreme Court adopted the nerve-center test, defining "principal place of business" as the place where "a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 1192. The test is where the corporate officers direct, control and coordinate, not where supervisors direct the daily tasks of employees.

Tukwila-South acknowledges that it is the employer in this case. It asserts that its sole member is Dow Pacific. Dow Pacific is not a Texas citizen. The "nerve center" test dictates that the nerve center for Dow Pacific is in the state of Washington.

Plaintiffs' motion to remand is denied.

### B. Motions to Dismiss

The Court reviews a motion to dismiss "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc*., 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted). Those facts, however, "taken as true, [must] state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is insufficient if it offers only "labels and conclusions," or "a formulaic

3

recitation of the elements of a cause of action." *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### Sex Discrimination Claims

As stated above, only Plaintiff Gloria Terrones filed a charge of discrimination alleging sex harassment.  No other Plaintiff filed a charge alleging any form of sex discrimination or harassment based on sex.  The TCHRA "obligates a claimant to file a complaint with the Texas Workforce Commission civil rights division (TWC) or the Equal Employment Opportunity Commission (EEOC) not later than the 180th day after the date an allegedly unlawful employment practice occurs."  *Prairie View A & M Univ. v. Chatha*, --- S.W.3d ----, 2012 WL 3800321 (Tex. 2012).  Accordingly, any claims of sex discrimination filed by Plaintiffs Moreno, Rodriguez, Lopez and Izaguirre are dismissed for failure to exhaust the administrative requirements of the TCHRA.[1]

With regard to Plaintiff Terrones, the live petition in this case makes no specific allegations to sex harassment.  Plaintiff does, however, incorporate her charge into the petition by reference.  Nevertheless, Defendants' *Twombly* motion is granted because Plaintiff fails to identify who subjected her to any unwelcome touching and comments, when the acts occurred, how they affected her employment, and when she made any complaints to a manager or supervisor.  Plaintiff is granted leave to file an amended complaint to cure these deficiencies.

### National Origin Discrimination Claims

No Plaintiff made a claim of national origin discrimination in their respective charges of discrimination.  Accordingly, all of Plaintiffs' claims of national origin discrimination are dismissed.

---

[1] Before an employee may sue for violation of the TCHRA, he or she must first file an administrative charge with either the Texas Workforce Commission (TWC) or the Equal Employment Opportunity Commission (EEOC) within 180 days of the discriminatory act. Id. § 21.202(a). This requirement is jurisdictional. *See Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.3d 490, 492 (Tex. 1996).

**Retaliation Claims**

Plaintiff Moreno filed her original charge of discrimination alleging age discrimination on February 23, 2011 and an amended charge alleging retaliation on March 19, 2012. She alleges that she was subjected to retaliatory acts in November 2011. Defendant seeks to dismiss any claims of retaliation that may have occurred prior to September 21, 2011 (180 days). In addition, Defendants question whether Moreno received a right to sue notice from the EEOC. [2]

Plaintiff Izaguirre filed a charge of discrimination alleging retaliation on May 27, 2011. She alleges that she was subjected to retaliatory acts in April 2011. Defendants raise no dismissal claims as to this retaliation claim.

In the attachments to Plaintiffs' Original Petition, Plaintiffs filed various copies of charges of discrimination that were previously filed with the EEOC. The Court, however, did not find any retaliation charges filed by Plaintiffs Terrones, Rodriguez, or Lopez. Defendants do not address these Plaintiffs in their motions.

It is uncertain from a reading of either the amended petition or the charges of discrimination that the Plaintiffs are alleging any retaliatory act that took place outside the applicable 180 time limits. Defendants' motions as to Plaintiff Moreno appear to be an anticipatory strike against any such possibility. At this time the Court will deny Defendants' motion regarding the retaliation claim as it is premature. Inasmuch as Plaintiffs are granted leave to file an amended complaint, Plaintiffs should

---

[2] The Court dismisses this argument. Moreno was issued a Dismissal and Notice of Rights by the EEOC on April 20, 2012. Oddly, the EEOC Charge number in the Dismissal does not match either the original charge number or the amended charge. Any deficiency or uncertainty as to whether the retaliation claim was closed by the EEOC is not the fault of Plaintiff. In any event, Defendants acknowledge that if she were to request a right to sue notice, she would have been entitled to receive one as of September 16, 2012.

specify which Plaintiff is asserting a retaliation claim and the bases (specifying any relevant dates the alleged retaliatory act occurred) for any such claims.[3]

**Age Discrimination Claims**

Defendants appear to seek dismissal of any age discrimination claims based upon conduct occurring more than 180 days prior to the filing of any charge.

Plaintiff Moreno filed a charge on February 23, 2011, alleging age discrimination.  In that charge she complains of discrimination and harassment based on age since August 1, 2010.  Plaintiff Terrones filed a charge on December 1, 2010, alleging age discrimination.  In that charge she complains that she was denied promotions within the past 300 days because of her age.  Plaintiff Rodriguez filed a charge on March 26, 2011, alleging age discrimination.  In that charge she complains of discrimination and a hostile working environment since 2010, when Mary Jane Olivarez was hired as a supervisor.  She also alleges that her hours were given to younger workers in December 2010 and January 2011.  Plaintiff Lopez filed a charge on April 29, 2011, alleging age discrimination.  In that charge she complains of discrimination and harassment based on age since August 1, 2010.  She also states that she was compelled to resign because of the harassment in November 2010.  Plaintiff Izaguirre filed an amended charge alleging retaliation.  The Court has not been provided with a copy of the original charge alleging age discrimination.  The petition states that she was "constructively demoted" in July 2011.

As indicated above, Defendants appear to seek dismissal of any and all claims of age discrimination that occurred more than 180 days from the date each respective Plaintiff filed her charge of discrimination.  Texas law in this regard has been restated by the Court in *Texas Southern University v. Rodriguez*, 2011 WL 2150238 (Tex. App.-Houston [14 Dist.]2011) as follows:

---

[3] In paragraph 24 of the amended petition, Plaintiffs merely state that after the filing of their charges, their work environment worsened, and their hours were cut, yet they were required to maintain the same level of output despite the reduced number of work hours, and supervisors were encouraged to "write-up" employees who had filed charges of discrimination.

Pursuant to section 21.202, "[a] complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred." Tex. Lab. Code Ann. § 21.202(a) (West 2006). This time requirement is mandatory and jurisdictional. *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (per curiam). The failure to file timely a complaint with the commission deprives the court of subject matter jurisdiction. *Czerwinski v. Univ. of Tex. Health Sci. Ctr.*, 116 S.W.3d 119, 112 (Tex. App.-Houston [14th Dist.] 2002, pet. denied).

An exception to application of the 180–day limitations period is the continuing violation doctrine. *Santi v. Univ. of Tex. Health Sci. Ctr. at Houston*, 312 S.W.3d 800, 804 (Tex. App.-Houston [1st Dist.] 2009, no pet.). The continuing violation doctrine applies when an unlawful employment practice manifests itself over time, rather than as a series of discrete acts. *Id*. at 804–05; *Wal–Mart Stores, Inc. v. Davis*, 979 S.W.2d 30, 41–42 (Tex. App.-Austin 1998, pet. denied). The plaintiff must show an organized scheme leading to and including a present violation, so that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of action. *Santi*, 312 S.W.3d at 804–05; *Davis v. Autonation USA Corp.*, 226 S.W.3d 487, 493 (Tex. App.-Houston [1st Dist.] 2006, no pet.).

Under the continuing violation doctrine, a plaintiff is relieved of establishing that all of the alleged discriminatory conduct occurred within the actionable period, if the plaintiff can show a series of related acts, one or more of which falls within the limitations period. *Pegram v. Honeywell*, Inc., 361 F.3d 272, 279 (5th Cir. 2004); *Wal–Mart Stores, Inc.*, 979 S.W.2d at 42. "The end goal of the continuing violation theory is to 'accommodate plaintiffs who can show that there has been a pattern or policy of discrimination continuing from outside the limitations period into the statutory limitations period, so that all of the discriminated acts committed as part of this pattern or policy can be considered timely.' " *Pegram*, 361 F.3d at 279 (*quoting Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 352 (5th Cir. 2001)). "A charge alleging a hostile work environment claim ... will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). Discrete discriminatory acts such as termination, failure to promote, denial of transfer, or refusal to hire are not actionable if time barred, even when they are related to acts alleged in timely filed charges. *Id*. at 113–114. Each discriminatory act starts a new clock for filing charges alleging that act. *Id*. at 113.

As noted above, in this case certain of the Plaintiffs reference a discrete act (denial of promotion, constructive discharge). Other acts, however, fall within the "hostile work environment" theory. Given the vagueness of Defendants' motions and the request to dismiss "any claims", the Court denies (without prejudice to re-filing) Defendants' motions with regard to any age discrimination claims "based upon conduct occurring more than 180 days prior to Plaintiffs filing their charges of Discrimination...."[4]

---

[4] The preferred procedural motion would be to file a motion for summary judgment, with relevant summary judgment evidence, so that the Court can evaluate what alleged acts took place and when.

**Conclusion**

Plaintiffs' motion to remand (docket no. 12) is denied.  Defendants' motions to dismiss (docket nos. 3 and 5) are granted in part and denied in part.  Any claims of sex discrimination filed by Plaintiffs Moreno, Rodriguez, Lopez and Izaguirre are dismissed for failure to exhaust the administrative requirements of the TCHRA.  Defendants' *Twombly* motion with regard to Plaintiff Terrones's sex harassment claim is granted.  All of Plaintiffs' claims of national origin discrimination are dismissed.  The Court denies Defendants' motions regarding the retaliation claims as premature.  Inasmuch as Plaintiffs are granted leave to file an amended complaint, Plaintiffs should specify which Plaintiff is asserting a retaliation claim and the bases (specifying any relevant dates the alleged retaliatory act occurred) for any such claims.  The Court denies Defendants' motions with regard to any age discrimination claims.  Plaintiffs are ordered to re-plead and file an amended complaint within fourteen days of this Order.

It is so ORDERED.

SIGNED this 9th day of October, 2012.


XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE